931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Respondent,
v.
Augustine PEREZ, Petitioner.
 No. 91-8008.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 30, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, Chief District Judge. (CA-90-4-L)
 Augustine Perez, petitioner pro se.
 Ray Burton Fitzgerald, Jr., Office of the United States Attorney, Roanoke, Va., for respondent.
 W.D.Va.
 DISMISSED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Augustine Perez petitions for permission to appeal from the district court's denial of his motion for injunction, filed in his criminal action, by which he sought to halt the government's allegedly malicious prosecution of him. Although 28 U.S.C. Sec. 1292(b), governing petitions for permission to appeal, has no application to criminal proceedings, see United States v. Blackwell, 900 F.2d 742, 746 (4th Cir.1990), we construe Perez's petition as an appeal under 28 U.S.C. Sec. 1292(a)(1) from a denial of injunctive relief. The appeal is, nevertheless, untimely; the district court denied Perez's motion for injunctive relief on December 10, 1990, at the start of trial, and Perez did not serve this appeal until February 6, 1991, well outside the 10-day appeal period applicable to criminal cases.[1] See Fed.R.App.P. 4(b).
 
 
 2
 Accordingly, we dismiss Perez's appeal as untimely. This dismissal is, of course, without prejudice to the appeal Perez has noted from the conviction and sentence since entered in his criminal prosecution. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 [1]
 Perez's petition for permission to appeal also references a stay order entered in a related civil forfeiture action on December 5, 1990. Even assuming that order was appealable, cf. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271 (1988), Perez's petition was not filed within the 60-day appeal period applicable to that order. See Fed.R.Civ.P. 4(a)(1)